UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X    Case No.: 20-CV-5081
WANDA SANDERS,

                      Plaintiff,                           **COMPLAINT**

              - against -

                                                 **PLAINTIFF DEMANDS**
ADVANTAGE TOYOTA, INC.,                    **A TRIAL BY JURY**

                      Defendant.
------------------------------------------------------------------------X

      WANDA SANDERS, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, PLLC, against ADVANTAGE TOYOTA, INC. ("Defendant") alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action based upon violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the sex discrimination provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the **Age Discrimination in Employment Act of 1967**, as amended ("ADEA"); (iii) the sex, age, and race discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); (iv) the minimum wage provisions of the **Fair Labor Standards Act** ("FLSA"), 29 U.S.C. § 207(a); (v) the minimum wage provisions of the **New York Labor Law** ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.1; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, **NYLL** § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 7, 2020, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and an "employee" and entitled to protection as defined by Title VII, the ADEA, the NYSHRL, the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, Defendant is a New York corporation, with its principal place of business located at 400 Sunrise Highway, Valley Stream, New York 11581.

10. At all relevant times herein, Defendant "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

11. At all relevant times, Defendant is an enterprise engaged in interstate commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000, and is thus an "employer" within the meaning of the FLSA. Defendant is also an "employer" within the meaning of the NYLL.

## MATERIAL FACTS

12. Defendant owns and operates a car dealership in Valley Stream (the "Dealership").

13. In or about September of 2019, Plaintiff, a Black woman over the age of forty, began working for Defendant as a car salesperson at the Dealership.

14. As a car salesperson, Plaintiff's job duties included, but were not limited to, selling new and used automobiles to consumers.

*Sex, Age, and Race Discrimination*

15. From the time Plaintiff began working for Defendant, and continuing throughout the entire period of her employment, Plaintiff was subjected to unrelenting sexual harassment and age and race discrimination.

16. Basil Rabie ("Rabie"), Sales and Leasing Consultant at the Dealership, delayed Plaintiff's entry into Defendant's key track system for two weeks after she began her employment. Rabie told Plaintiff that he did this because he had white privilege. He also told Plaintiff that she was "just Black" and that "don't mean nothing."

17. Femi Osewa, ("Osewa"), Lease Return Manager at the Dealership began his sexual harassment of Plaintiff by winking at her and attempting to flirt with her.

18. Eventually, when Plaintiff and Osewa were both in the showroom of the Dealership, Osewa would tell Plaintiff there was something beneath one of the cars so that she would bend over and Osewa and Rabie could admire her buttocks.

3

19. By the third month of her employment with Defendant, Plaintiff had become a target for the sexual harassment of her co-workers.

20. Osewa would openly comment on the size of Plaintiff's buttocks and attempt to grab it. Plaintiff was forced to run away from him to avoid having her buttocks grabbed.

21. Rabie would laugh when Femi would harass Plaintiff and say, among other things, "she probably has old pussy since she's an old lady."

22. In November, Rabie made a hitting gesture toward Plaintiff as if he would smack her buttocks.

23. In January of 2020, when Plaintiff celebrated her 60th birthday, she was repeatedly forced to endure ageist comments, including being called "old lady" and was repeatedly told, "old lady go sit down somewhere."

24. In January, the harassment of Plaintiff intensified as a co-worker, Everton Douglas ("Douglas"), joined in on it.

25. Douglas would make sexual comments about Plaintiff in Jamaican patois to his fellow Jamaican co-workers.

26. On one occasion, Douglas said to Plaintiff, "Wanda, look like you have a fat pussy. I can hold it with two hands. Damn girl. Look so good. Let me feel it."

27. Douglas also sexually harassed other women working at the Dealership.

28. The hostile work environment caused Plaintiff to fall into a depression. While at work, Plaintiff would often run into the bathroom in tears to escape the persistent abuse of her co-workers.

29. Plaintiff was humiliated at being subjected to such harassment in the presence of co-workers.

30. Some of Plaintiff's co-workers expressed shock to Plaintiff at the behavior of some of their

colleagues toward her and surprise that the behavior continued unpunished even though it occurred in the presence of supervisors.

31. In or about February of 2020, Rabie and Osewa stood on the manager's desk in the showroom of the Dealership and loudly made vulgar comments about Plaintiff in the presence of the manager including, but not limited to, "Her pussy is so old. It's like a rental car."

32. This became an ongoing joke between Rabie and Osewa at Plaintiff's expense. Osewa would say "her pussy is like Enterprise [a car rental company]." Rabie would respond "No, it's like Hertz or Avis [other car rental companies]." Osewa would also say, "Her pussy has unlimited mileage."

33. Rabie and Osewa would refer to Plaintiff as "Ms. Rental Car" and repeatedly said, referring to Plaintiff, that she had "unlimited mileage pussy because it's old pussy."

34. Shermica Malcolm ("Malcolm"), Sales Manager at the Dealership, also harassed Plaintiff on account of her sex and age.

35. Malcolm constantly belittled Plaintiff by declaring "she don't have it all upstairs" and "she's not dealing a full deck."

36. Upon information and belief, Malcolm told other sales managers that she did not want to work with Plaintiff because she did not have the patience of "fucking with old dumb bitches."

37. Malcom would also make sexual comments in the presence of Plaintiff, including asking a male employee to "put your dick out on the table."

38. On one occasion, Malcolm commented to Plaintiff that her buttocks were getting bigger.

39. Malcolm would also tell Plaintiff, "sit your old ass down somewhere."

40. Malcolm's comments caused Plaintiff deep embarrassment and humiliation.

41. Malcolm withheld favorable deal terms from Plaintiff which she regularly granted to others, thereby negatively affecting Plaintiff's ability to earn commissions by making car sales.

42. Upon information and belief, Malcolm withheld these favorable deal terms on account of Plaintiff's age.

43. **Defendant's actions and conduct were intentional and intended to harm Plaintiff**.

44. As a result of Defendant's actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

45. Additionally, as a result of Defendant's discriminatory treatment of Plaintiff, she has suffered pecuniary loss, severe emotional distress, and physical ailments.

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

47. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against Defendant.

*Minimum Wage Violations*

48. Plaintiff was entitled to at least the minimum wage for any hours she worked at the Dealership.

49. On at least three occasions, Defendant failed to pay Plaintiff, at all, for a particular pay period, despite the fact that Plaintiff regularly worked approximately forty-five and one half (45.5) hours per week throughout her employment.

50. Defendant had no good faith basis for believing that its failure to pay Plaintiff was in compliance with the law. As a result, Plaintiff is entitled to liquidated damages from

Defendant.

**FIRST CAUSE OF ACTION**
*Sex Discrimination in Violation of Title VII*

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.]

53. As described above, Defendant discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sex.

54. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

55. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
*Age Discrimination in Violation of the ADEA*

56. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. 29 U.S.C. § 623(a) provides that it shall be unlawful employment practice for an employer:

> (1) [T]o . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.
> (2) [T]o limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age….

58. By their actions, Defendant and its agents discriminated against Plaintiff with respect to harassment, hostile environment, wages, promotion, and other terms and conditions of employment, because of age or age plus sex, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq.

59. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered and will continue to suffer lost wages, benefits, promotional opportunities, commissions and bonuses and has incurred other damages as a result.

60. Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

## THIRD CAUSE OF ACTION
*Sex, Age, and Race Discrimination in Violation of the NYSHRL*

61. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's **age**, **race**, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

63. As described above, Defendant discriminated against Plaintiff on the basis of her sex, age, and race in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sex, age, and race. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

64. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

65. Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
*Minimum Wage Violations of the FLSA*

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff was not exempt from the requirement that Defendant pay her the prevailing minimum wage under the FLSA. 29 U.S.C. § 206 (a)(1).

68. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

69. Defendant did not pay Plaintiff the prevailing minimum wage for all hours worked. As a result of its failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendant violated the FLSA.

70. Plaintiff did not receive her paychecks on certain prescribed paydays.

71. Because the employer failed to pay wages on the regular payment date, Plaintiff is entitled to liquidated damages.

72. Defendant had no good faith basis for believing that its pay practices as alleged above were in compliance with the law. Defendant was aware, or should have been aware, that the practices described in this Complaint were unlawful.

73. Defendant willfully violated the FLSA.

74. Plaintiff is entitled to at least minimum wage for all hours worked.

75. Defendant's violations of the FLSA have significantly damaged Plaintiff and entitle her to recover the total amount of her unpaid minimum wages, an additional equal amount in liquidated damages, attorneys' fees, costs, and interest. 29 U.S.C. § 216(b).

**FIFTH CAUSE OF ACTION**
*Minimum Wage Violations of the NYLL and the NYCCRR*

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77. NYLL § 652 (1)(b) and 12 NYCCRR § 142-2.1 require covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiff was not exempt from the requirement that Defendant pay her the prevailing minimum wage under the NYLL and the NYCCRR.

78. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR.

79. During Plaintiff's employment with Defendant, Defendant willfully and intentionally failed to pay Plaintiff the prevailing minimum wage for certain hours worked for Defendant.

80. As a result of Defendant's failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendant violated the NYLL and the NYCCRR.

81. Plaintiff is entitled to at least minimum wage for all hours worked.

82. By failing to pay her any wages on at least three occasions, Defendant made deductions from the wages of Plaintiff other than those authorized under NYLL § 193.

83. The foregoing conduct of Defendant constitutes willful violations of the NYLL and the NYCCRR.

84. Defendant's violations of the NYLL and the NYCCRR have significantly damaged Plaintiff and entitle her to recover the total amount of her unpaid minimum wage, an additional amount in liquidated damages, attorneys' fees, costs, and interest. NYLL §§ 198.1-a and 663(1).

**SIXTH CAUSE OF ACTION**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

85. Plaintiff hereby repeats, reiterates and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

86. NYLL § 195(3) requires that employers furnish employees with accurate wage statements containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and

net wages.

87. Defendant failed to furnish Plaintiff with a wage statement on each payday that accurately contained all of the criteria required under the NYLL.

88. Due to Defendant's violations of N.Y. Lab. Law § 195(3), for each work day that Defendant failed to provide a proper wage statement from September 2019 through to the present, Plaintiff is entitled to damages of $250, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **JURY DEMAND**

89. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the ADEA, the NYSHRL, and the NYCHRL and, in that Defendant discriminated against Plaintiff on the basis of her sex, age, and race;

B. Restraining Defendant from any retaliation against Plaintiff for participating in any form in this litigation;

C. Declaring preliminary and permanent injunctions against Defendant and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, and to otherwise make her whole for any losses suffered as a result

of such unlawful employment practices;

E. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

F. Awarding Plaintiff punitive damages;

G. Awarding all damages that Plaintiff has sustained as a result of Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendant's unlawful payment practices;

H. Awarding liquidating damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

I. Awarding statutory damages for Defendant's violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by N.Y. Lab. Law § 198;

J. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

K. Awarding pre-judgment and post-judgment interest, as provided by law; and

L. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
October 22, 2020

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

/s/Marjorie Mesidor
Marjorie Mesidor
Joseph Myers
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
mmesidor@tpglaws.com
jmyers@tpglaws.com